Earl J. PRUITT, Petitioner,

v.

MID–CONTINENT PIPE LINE COMPANY, Standard Insurance Company and The State Industrial Court, Respondents.

No. 39093.

Supreme Court of Oklahoma.

April 25, 1961.

Dick Bell, Seminole, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On December 11, 1959, claimant obtained an order of the State Industrial Court allowing weekly compensation at the rate of $35 during the continuance of his temporary total disability, but not to exceed 300 weeks, or until otherwise directed. On January 19, 1960, claimant sought, by writ-

ten application, an order of the trial tribunal finding the employer in default, declaring the entire "award for 300 weeks due and payable" and authorizing the filing of a certified copy thereof in the office of the Court Clerk of Seminole County for entry upon the judgment docket of the district court. After hearing, on due notice to the parties, the trial judge found that the employer had not "wilfully and intentionally" disobeyed the terms of the order sought to be enforced. Employer was directed to make a lump-sum payment of all installments accrued thereunder and to continue the weekly benefits in accordance with the terms of the order entered on December 11th. The application for certification of the award was denied.

The facts are not in dispute. Counsel for employer fell ill at the time the order became final (January 1, 1960) and, while absent from his office for some ten days following January 2, 1960, he neglected to make arrangements for compliance. On January 21, 1960, employer commenced payment of current weekly benefits and forwarded a check for the total amount of accrued compensation. A separate check was sent for the expenses of claimant's travel to keep an appointment arranged for him with a designated physician. All these checks were refused by claimant and returned to the employer. Claimant failed to present himself for the requested medical examination.

Claimant asserts the trial tribunal erred as a matter of law in declining to authorize that the delinquent order be certified for filing and entry on the district court judgment docket. Under the plain provisions of 85 O.S.1951 §§ 41 and 42, it is urged the "full amount of the award" became due by operation of law on employer's failure to make payments as directed within ten days after the order became final, and the State Industrial Court was without authority to either prevent its enforcement by district court process or excuse the default.

The question presented for our consideration is governed by the enforcement pro-

visions contained in 85 O.S.1951 §§ 41 and 42, which, so far as applicable, are as follows:

" * * * Failure for ten days to pay any *final award* or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, *including future periodical installments unpaid,* shall thereupon become due and *may be* immediately enforced as provided by Section 13366 of this Chapter." 85 O.S.1951 § 41. (Emphasis ours.)

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the Commission *may order* a certified copy of the award to be filed in the office of the Court Clerk of any County, which award whether accumulative or lump sum shall be entered on the Judgment Docket of the District Court, and shall have the same force and be subject to the same law as judgments of the District Court. * * *" 85 O.S.1951 § 42. (Emphasis ours.)

■ The quoted enactments, we have held, effect on employer's default an automatic acceleration in maturity of future periodical installments adjudged against the employer in a final accumulative award of the State Industrial Court. By force of law such unaccrued installments are commuted to a lump sum so that the entire unsatisfied obligation becomes due at once. These provisions facilitate expeditious enforcement of delinquent accumulative awards and enable the beneficiary-workman to compel satisfaction of the aggregate unpaid compensation adjudged in his favor. He can thereby avoid the cumbersome method of resorting to successive proceedings for the collection of individual installments as the same accrue and become due. Excise Board of Grady County v. Griggs,

192 Okl. 636, 138 P.2d 829; Rucks-Brandt Const. Corporation v. Silver, 194 Okl. 324, 151 P.2d 399. See, also, Metropolitan Life Ins. Co. v. Richter, 182 Okl. 446, 78 P.2d 307.

The scope and effect of the automatic acceleration clause has been considered by this court in so far as its application was asserted to a final accumulative award such as adjudges employer's liability for permanent disability sustained by an injured workman. Excise Board of Grady County v. Griggs, supra; Rucks-Brandt Const. Corporation v. Silver, supra; Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304; Pauline Oil & Gas Co. v. Fischer, 185 Okl. 108, 90 P.2d 411. The use of machinery and process of district courts to collect, on proper certification, the accrued and unpaid installments which are due and owing under an order for temporary total disability was upheld by this court in Hickman v. Gumerson, 190 Okl. 514, 125 P.2d 765. In the case last cited the beneficiary workman obtained a certification of the order allowing him compensation during the healing period after the passage of six years, during which the maximum allowable number of weekly benefits thereunder (300 weeks) have accrued.

■ In the present proceeding we are called upon to determine whether future periodical installments, which are claimed under an order for continuing temporary disability may, on employer's default, be treated as commuted by force of the statute to a lump sum and enforced under the provision of 85 O.S.1951 §§ 41 and 42, in advance of their accrual. The precise question raised is one of first impression.

An order allowing benefits during the continuance of employee's healing period, as authorized by 85 O.S.1951 § 22, subdiv. 2, differs in its characteristics and in the manner in which payments may be directed from a final award granting compensation for permanent disability. 85 O.S.1951 § 41, which prescribes the mode for payment of benefits, requires that the latter be entered for an "aggregate total amount of com-

pensation" and declares that "the whole sum or any unpaid portion thereof" operates and may be enforced as "a final adjudicated obligation" of the employer. It may be fixed in a lump sum or the trial tribunal may order its payment in specified periodical installments. If the award be made payable in installments the State Industrial Court has authority to exercise its discretion in commuting to a lump sum any unaccrued portions thereof. Cole Spurgeon Drilling Company v. Parris, Okl., 346 P.2d 173.

An order allowing benefits during the continuance of the healing period is neither accumulative in its nature, nor does it constitute a final award. It must be payable periodically in accordance with the method of payment of employee's wages at the time of his injury, and, unlike a final award for permanent disability, it may not be made in any other manner. 85 O.S. 1951 § 41. While the benefits payable thereunder become vested upon their accrual and the right thereto is absolute (Hickman v. Gumerson, supra), the order does not operate as an adjudication of accumulative benefits for any determinable period of time in the future, but runs merely from week to week. Unaccrued installments are not subject to commutation by the trial tribunal and the enforcement thereof remains contingent upon the continuance of employee's healing period. Thus, the gross amount ultimately to be paid by the employer stands undetermined and is impossible of computation at any given time. The benefits must under the law be terminated when temporary total disability ceases and the workman is either cured or his condition becomes stationary so as to permit an evaluation of permanent effects, if any, resulting from his injury. Such order, it is apparent, is only interlocutory. It merely takes into consideration the immediate condition and need for which temporary provision is made. The matter of a final adjudication is left for a future disposition. Board of Commissioners of Oklahoma County v. State Industrial Commission, 177 Okl. 645, 61 P.2d 730; Dud-

ley v. Major Construction Company, Okl., 345 P.2d 881; Wise-Buchanan Coal Co. v. Ray, 157 Okl. 197, 17 P.2d 360, and Commercial Casualty Ins. Co. v. Brock, 176 Okl. 348, 55 P.2d 788.

Since the right to unmatured portions of the order is wholly contingent on the continued state of temporary total disability at the time of their accrual, we conclude that under a provisional order of this nature there can be no claim to any "future * * * installments unpaid" within the meaning and contemplation of the automatic acceleration clause in 85 O.S.1951 §§ 41 and 42.

The decisions of this court regarding enforcement of delinquent matured installments under a continuing order for child support furnish a close parallel to the rule announced in this opinion. In those cases we have held that such order may be treated as a final judgment only to the extent of accrued and unpaid portions upon which execution can issue. Clester v. Heidt's Estate, Okl., 353 P.2d 699; Doak v. Doak, 187 Okl. 507, 104 P.2d 563; Bashore v. Thurman, 152 Okl. 1, 3 P.2d 712, 79 A.L.R. 249.

Our holding does not leave a workman without means by which to enforce continuing compliance with an order such as one involved in this proceeding. The remedy invoked by claimant is only cumulative. 85 O.S.1951 § 42. Continuing obedience may be sought by application of coercive measures. The employer may be required, if necessary, to make regular deposits with the trial tribunal to secure prompt and convenient payment of benefits. 85 O.S.1951 § 41. Resort may also be had to contempt proceedings. 85 O.S.1951 § 80, and the carrier's license could be suspended or revoked for wilful disobedience of an order. 85 O.S.1951 § 42.

The trial judge was without authority to treat unaccrued installments claimed under the provisional order as commuted by operation of law to a lump sum upon employer's default. The application for certification of the "entire award for 300 weeks" was properly denied.

Claimant does not complain of error in declining to authorize certification of all matured installments unpaid, and we find none. Their tender was renewed during the proceedings and counsel assured the trial judge that employer intended to make immediate payment thereof.

Order determining accrued unpaid installments and denying certification for entry on the district court judgment docket sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.