COLLINS CONSTRUCTION COMPANY, and
Mid-Continent Casualty Company,
Petitioners,

v.

Jack A. BERRY and The State Industrial
Court, Respondents.

No. 39706.

Supreme Court of Oklahoma.

March 20, 1962.

Grady H. Holloway, W. L. Funk, Oklahoma City, for petitioners.

Red Ivy of Ivy, Ivy & Ivy, Waurika, for respondents.

JOHNSON, Justice.

Under challenge, as erroneous and unauthorized by law, is the trial tribunal's order allowing claimant continuing temporary benefits during his healing period, but "not to exceed 300 weeks."

As disclosed by the record, the accident occurred on September 22, 1960, when claimant and a co-worker were in process of lifting and loading a section of tin culvert pipe 30 feet long and 24 inches in diameter, weighing approximately 500 to 750 pounds. Claimant sustained an "acute strain of the dorsolumbar, lumbar and lumbosacral regions of the spine." Hospitalized for eight days after his injury, he received heat treatment twice a week until October 20, 1960. He also wore a back brace for a period of time. While undergoing this treatment he did not receive any temporary benefits from the employer.

On December 27, 1960, the claim was heard by the trial judge on the sole issue of temporary disability. The medical evidence produced in this proceeding consists of two reports. Dr. H., whose report was submitted by claimant, stated under the date of December 24, 1960, that claimant was still temporarily totally disabled. According to Dr. M., a physician of the employer, who saw claimant on October 20, 1960, claimant "* * * may require some ten to fourteen days to complete convalescence." At the conclusion of this hearing, the trial judge allowed claimant compensation for temporary total disability from September 22 to November 14, 1960, but expressly "held in abeyance" the question of further temporary benefits. Employer was required to pay the hospital expenses, and claimant was ordered to appear for examination by a neutral physician, Dr. M.

Thereafter, on February 13, 1961, claimant was ordered to present himself to another neutral examiner, Dr. J. A copy of this order was sent to both parties, and neither objected thereto. Dr. J., whose report was filed on April 3, 1961, found claimant temporarily disabled and recommended further treatment for approximately six months. On April 18, 1961, the trial judge entered an order allowing claimant compensation for continuing temporary total disability (from November 14, 1960), but not to exceed 300 weeks.

In its first proposition employer asserts that the last order of April 18, 1961, is contrary to law because the State Industrial Court is without authority to award additional temporary benefits except upon a showing of a change in claimant's physical condition. Cited in support of this contention is Young v. Daugherty et al., 203 Okl. 598, 224 P.2d 962.

In Young v. Daugherty, supra, the trial tribunal adjudged in its prior order that temporary disability had terminated upon a day certain. We held that claimant could not recover additional temporary benefits without showing a recurrence of temporary incapacity due to a subsequent change in his physical condition.

In the present cause, there was no prior adjudication determining cessation of the healing period. The order of December 28, 1960, merely allowed claimant some provisional benefits, but did not find his temporary disability to have ceased or ended at any given point of time. A final ruling on this issue was expressly withheld for a future determination.

In Board v. Com'rs of Oklahoma County, 177 Okl. 645, 61 P.2d 730, this court recognized the authority of the State Industrial Court to enter provisional or interlocutory orders which do not effect a complete disposition of a given issue. Therein we said:

"* * * We next find that the commission may make an order which is interlocutory in its nature which neither makes nor denies an award so to speak, but merely takes into consideration the immediate condition of the parties, makes a temporary provision and leaves for further consideration the matter of making or denying an award for the alleged disability and which does not require a showing of change of condition authorizing such award."

The trial tribunal's order of December 28, 1960 was merely provisional in its nature and did not operate as an adjudication terminating temporary benefits at any point of time. Hence, a showing of a change in

physical condition was not required as a basis for awarding additional benefits during the healing period. See in this connection Dudley v. Major Construction Company, Okl., 345 P.2d 881.

Neither does the order of April 18, 1961 operate as an adjudication of temporary benefits for any determinable period of time in the future, but runs merely from week to week. The benefits payable thereunder must be terminated when the healing period ceases and the workman is either cured or his condition becomes stationary so as to permit an evaluation of its residual effects, if any. Pruitt v. Mid-Continent Pipe Line Company, Okl., 361 P.2d 494, 497; Dooley v. Broce Construction Company, Okl., 358 P.2d 815, 817.

It is next argued that the order complained of was entered prematurely without notice to the employer and opportunity to be heard.

At the close of the proceedings on December 27, 1960, employer's counsel advised that he "would like an opportunity at a later time to introduce whatever witnesses we may have, if any," but so far as the record discloses, no attempt was made, either before or after entry of the order of April 18, 1961, to present further proof or have the case reopened for the purpose of introducing additional testimony.

In Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, we said:

"When a decision of the trial judge is deemed to have been prematurely entered, the party aggrieved thereby must, by an appropriate application to the trial judge or to the State Industrial Court en banc, offer to present further testimony, show the nature and materiality thereof and state the reason why the same was not or could not be produced at the prior hearing, or such party must, in a like manner, proceed to exclude that evidence previously admitted which is thought objectionable. In the absence of a showing, as outlined, the Supreme Court

will not consider whether the alleged premature entry of an award constituted an abuse of discretion."

The record discloses no substantial failure to afford the employer a full and complete hearing. The proceeding is free from errors of law and the award is accordingly sustained.

WILLIAMS, C. J., and BLACKBIRD, V. C. J., and HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.