Harold Lee McCLURE, Petitioner,

v.

SPECIAL INDEMNITY FUND and State
Industrial Court, Respondents.

No. 43770.

Supreme Court of Oklahoma.

Oct. 20, 1970.

Craig Blackstock, Blackstock, Joyce & Pollard, Tulsa, for petitioners.

Sam Hill, Robert H. Mitchell, Oklahoma City, for respondents.

JACKSON, Justice.

This is an original proceeding brought by claimant, Harold Lee McClure, for the review of an order of the State Industrial Court denying claimant compensation as against the respondent, the Special Indemnity Fund. The question for decision is whether claimant was totally and permanently disabled prior to his last injury.

Claimant suffered a fall in December, 1966, which resulted in a back injury and injury in the abdominal area. This claim was settled on joint petition with his employer, Unit Rig and Equipment Company,

for $1,500.00, which amounts to about 7½% permanent partial disability.

At the time of this injury claimant was a physically impaired person within the meaning of 85 O.S.1961, Sec. 171. His prior impairments resulted partly from disease and partly from adjudicated industrial injuries.

In prior injuries claimant had lost his left ring finger and sustained injury to his right index finger while working for other employers. He has had glaucoma since the age of about 6 years, as a result of which he was industrially blind in the left eye and had sustained a partial loss of vision in the right eye. He had a substantial hearing loss. In 1960 and 1962 he had surgery for back conditions and glandular conditions. Since the 1960 surgery he has had a partial paralysis of the right leg.

Some time after the joint petition settlement with his employer McClure's claim as a physically impaired person against the Fund came on for hearing. Letter-reports from medical experts were received from claimant and from the Fund, and there was also a report from a neutral medical witness appointed by the court. It was the opinion of the Fund's medical witnesses, and also the neutral expert appointed by the court, that claimant was totally and permanently disabled prior to the injury of December, 1966.

However, there was uncontradicted evidence that, despite the long list of previous impairments, claimant had worked as a machinist since 1947, except for times when he was ill or receiving treatment, and that at the time of the December, 1966, injury he was earning $130.00 per week while working regularly as a machinist for Unit Rig and Equipment Company.

The State Industrial Court found that claimant was totally and permanently disabled for the performance of ordinary manual labor prior to the time of his accidental personal injury suffered on December 28, 1966, and that the court was without jurisdiction to make an award to claimant against the Special Indemnity Fund.

In this court claimant argues the single proposition that under the uncontradicted evidence in this case it was improper for the State Industrial Court to find that claimant was totally and permanently disabled prior to his last injury.

This argument must be sustained under the facts in this case despite the fact that there was sufficient *medical* evidence to sustain the order of the Industrial Court.

In Dierks Lbr. & Coal Co. v. Lindley (1938), 182 Okl. 185, 186, 77 P.2d 44, promulgated prior to the adoption of 85 O.S.1961, Sec. 171 et seq. (1943), this court had for consideration the question of what constitutes total permanent disability within the terms of the Workmen's Compensation law. In the second paragraph of the court's syllabus it was held:

"A total permanent disability within the terms of the Workmen's Compensation Law is not synonymous with total incapacity or total dependence, but means a lack of ability to follow continuously some substantially gainful occupation without serious discomfort or pain and without material injury to health or danger to life."

In that case claimant performed labor notwithstanding the fact that in that activity he risked both his health and his life. In this connection, in the body of the opinion, we said:

" * * * Ordinarily, a disability cannot be classified as total under the Workmen's Compensation Law where the earning power of the employee is not wholly destroyed and capacity to perform remunerative employment remains. Oklahoma Gas & Electric Co. v. Hardy, 179 Okl. 624, 67 P.2d 445. The rule thus announced has certain definite exceptions which exclude from its operation those cases where the capacity of the employee is confined to the performance of work of a slight or trivial nature, and those cases where the capacity to do ordinary manual labor remains, but can be exercised only at the cost of serious discomfort and pain on the part of the employee.

Sweetwater Gin Co. v. Wall, 153 Okl. 96, 5 P.2d 126. We are of the opinion that cases which involve a situation where a party has actually worked, notwithstanding the fact that he was unable to follow continuously some substantially gainful occupation without material injury to his health and danger to his life, are to be included in the category just above mentioned."

■ We followed Dierks Lumber & Coal Co. case in Special Indemnity Fund v. Gentile (1960), 350 P.2d 306, and held that ordinarily a disability cannot be classified as total under the Workmen's Compensation Law where the earning power of the employee is not wholly destroyed, citing numerous cases which arose prior to the amendment of 85 O.S. § 172, in 1961. In the instant case there is no evidence that claimant's work provoked serious discomfort or pain prior to his last injury and no evidence that such labor was injurious to his health or endangered his life.

In Standard Testing and Engineering Co. v. Bradshaw (1968), Okl., 442 P.2d 337, promulgated subsequent to the amendment of 85 O.S. Sec. 172, in 1961, we said:

"The question of a man's permanent disability is not to be determined solely by technical formulas defining percentages of disability but is dependent to a large extent on the ability of the individual to perform continuously some substantially gainful occupation notwithstanding his disability. Special Indemnity Fund v. Wright, Okl., 350 P.2d 936; Clyde's Auto Salvage & Coal Operators Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356."

The rule quoted from the Dierks case was not changed by the amendment of 85 O.S. Section 172, in 1961.

In Special Indemnity Fund v. Bonny (1964), Okl., 397 P.2d 152, we were concerned with the effect of Section 172, as amended in 1961. At page 154 of that opinion we pointed out that prior to the amendment it was not necessary to evaluate a claimant's previous disabilities where the claimant was permanently and totally disabled. Under the amendment we held it is now necessary in permanent and total disability cases to evaluate a claimant's disabilities which made him a previously impaired person. In discussing the effect of the amendment we said:

"The 1961 amendment changed the liability of the Fund in permanent total disability situations. By the amendment such cases were placed in the same category as instances of permanent partial disability. For the first time the statute provided that the Fund, in instances of permanent total disability, should be required to pay only the remainder or balance, if any, after deducting the percentage of disability constituting the claimant a previously impaired person and further deducting the award made to him for the latter injury standing alone." Special Indemnity Fund v. Corter, Okl., 389 P.2d 478.

■ Since the evidence does not disclose that claimant's activities in his occupation prior to the last injury caused serious discomfort or pain and does not disclose that such work was materially injurious to his health or endangering his life it is apparent under the rules as announced in Dierks Lbr. & Coal Co. and in Standard Testing and Engineering Co., that claimant was not totally and permanently disabled.

The order of the Industrial Court denying claimant an award against the Special Indemnity Fund is vacated and the cause is remanded for further proceedings.

On remand the court should determine the percentage of disability constituting the claimant a previously impaired person, taking into account the extent of his ability to perform the duties of his occupation prior to his last injury as explained in Standard Testing and Engineering Co., supra. The Fund is also entitled to a deduction of the award made to claimant on the joint petition

settlement in connection with his last injury.

Irwin, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.