**PEPSICO, INC., Petitioner,**

v.

**Valerie TATE and Lee Way Motor Freight, Inc., Respondents.**

No. 72280.

Supreme Court of Oklahoma.

Feb. 19, 1991.

Oldfield and Coker by Michael G. Coker and John S. Oldfield, Jr., Oklahoma City, for petitioner.

Lampkin, McCaffrey & Tawwater by Marcia Davis, Oklahoma City, for respondent Valerie Tate.

HODGES, Vice Chief Justice.

The facts in this workers' compensation case are not disputed. Darrell Tate was killed in an accident on August 11, 1983, while driving a truck for his employer, Lee Way Motor Freight. His wife, Valerie Tate, was awarded death benefits for herself and her three minor children (beneficiaries) on April 24, 1984. Lee Way made weekly payments until about the time it ceased operation in November, 1984. The Workers' Compensation Court certified the entire amount of both accrued and unaccrued unpaid benefits for enforcement against PepsiCo as guarantor of Lee Way's workers' compensation liabilities. That order was sustained by the appellate panel and PepsiCo seeks review in this Court.

■ PepsiCo has raised several issues which were resolved during the pendency of this appeal by *PepsiCo, Inc. v. Sharp,* 781 P.2d 814 (Okla.1989), and *PepsiCo, Inc. v. Burden,* 786 P.2d 1226 (Okla.1989). The only unresolved issue concerns the trial tribunal's authority to certify unaccrued death benefits under the following provision:

> Failure for ten (10) days to pay *any final award* or any portion thereof, as ordered shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, *Including future periodic installments* unpaid, shall immediately become due and may be immediately enforced as provided by Section 42 of this title.

Okla.Stat. tit. 85, § 41(C) (1981) (emphasis added). No Oklahoma appellate decision has construed the effect of this provision on death benefits.

Section 41(C)'s application to *temporary* disability benefits was addressed in *Pruitt v. Mid–Continent Pipe Line Co.,* 361 P.2d 494 (Okla.1961). *Pruitt* held that an award of temporary disability benefits was provisional, rather than a final award because "the gross amount ultimately to be paid by the employer stands undetermined and is impossible . of computation at any given time." *Id.* at 497. Thus, temporary benefits could not be accelerated in advance of accrual because no final award had been entered.

In contrast, the opposite result applies to an award for *permanent* disability. *See Lee Way Motor Freight, Inc. v. Welch,* 764 P.2d 191 (Okla.1988). An award of permanent disability benefits operates as a final adjudicated obligation. "An employer's or insurance carrier's ten-day default in payment of a compensation award effects a statutory acceleration of the unpaid adjudicated obligation and the unaccrued installments are at once commuted to a lump sum, thus making the entire unsatisfied obligation immediately due." *Id.* at 194 (footnotes omitted). Thus, although an order allowing temporary benefits does not constitute a final award that invokes the acceleration provision of section 41(C), an award for permanent disability benefits is final and may be accelerated upon default.

The question in this case becomes whether death benefits are more akin to temporary disability benefits or to permanent disability benefits. Beneficiaries argue that section 41(C) by its own terms accelerates "any final award" including "future periodic installments" upon default. PepsiCo argues that this provision does not apply to death benefits because payment is "contingent upon the life and dependency status of the claimant."

There are at least three contingencies in the payment of income death benefits that prevent an accurate determination of the total amount that will be paid to an employee's beneficiaries. First, it is unknown if or when a surviving spouse will remarry and receive a lump sum payment in lieu of any additional income benefits. Second, certain beneficiaries must remain actually dependent to continue receiving income benefits and the period of actual dependence may be unknown at the time of the award. Third, children of the deceased worker ·will be entitled to income benefits during their minority, but longer if they are incapable of self-support or become full-time students. · These contingencies make it impossible to accurately calculate the number of unaccrued installments owed upon default. Therefore, unaccrued income death benefits may not be accelerated and commuted to a lump sum pursuant to section 41(C).

■ On remand, the Workers' Compensation Court may apply the portion of section 41(C) which provides that "employers and insurance carriers shall, for such purposes, be permitted, or when necessary to protect the interests of the beneficiary, may be required to make deposits with the Administrator to secure the prompt and convenient payment of awards made." The provision also applies to a guarantor of workers' compensation liabilities who steps into the shoes of a defaulting employer.

The order certifying the award of death benefits for enforcement in .the district court is vacated. The cause is remanded to

the Workers' Compensation Court with instructions to certify only the accrued portions of the award for enforcement against PepsiCo, Inc. as guarantor. The Workers' Compensation Court will order PepsiCo, Inc. to pay the unaccrued income benefits periodically.

ORDER OF THE WORKERS' COMPENSATION COURT VACATED, CAUSE REMANDED WITH INSTRUCTIONS.

OPALA, C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., recused.