**SUPERIOR STUCCO and State Insurance Fund,**
**Petitioner,**

**v.**

**Raymond DANIELS and Workers' Compensation Court,**
**Respondent.**

**No. 84938.**

Supreme Court of Oklahoma.

Nov. 7, 1995.

Rehearing Denied March 6, 1996.

Kelly M. Greenough, Tulsa, for Petitioners.

Michael R. Green, Tulsa, for Respondent.

HODGES, Justice.

The issue is whether the Workers' Compensation Court was presented competent evidence that the worker's injury was causally connected to an employment-related risk. This Court holds that the workers' compensation award was supported by competent evidence of that causal connection.

Raymond Daniels, a white man, was employed by Superior Stucco. The owner of

the company told him that the black contractors who were promised a particular job were not qualified and that Superior Stucco was therefore selected. Daniels reported to the construction site in North Tulsa in a predominately black neighborhood. Workers were told to keep their eyes open and to be sure that no guns were brought to work because that would only complicate matters. The owner of the company even checked his employees' vehicles to be sure there were no weapons. Workers were instructed to take cover if they heard gunshots.

One afternoon, Daniels and the rest of the work crew were completing work on the left side of the building under construction. The crew moved to the right side, leaving Daniels alone to finish up. A car pulled into the parking lot. A young black man driving the car fired a shot that hit Daniels in the arm. The assailant laughed and drove away. He has not been apprehended and his identity is still unknown.

These facts were presented to the Workers' Compensation Court along with testimony from a Tulsa police officer who is an expert in drive-by shootings. The expert testified that the construction site was located within a high crime area. He opined that Daniels was at a greater risk of being shot than "someone in the general public or someone in the general population of that area" because Daniels was a white person working outside in a predominately black area of town. The expert also testified that, generally, the cause of drive-by shootings is retaliation and that the likely assailant was a disgruntled employee of the black contractor who was promised the job, but did not get it.

The Workers' Compensation Court awarded benefits, concluding that Daniels was placed at greater risk due to his assignment to that construction site. The Court of Appeals vacated the award and remanded the case with instructions to the Workers' Compensation Court to deny the claim. The Court of Appeals found that "[t]he unfortunate injuries sustained by Mr. Daniels are independent of his employment with Superior Stucco" and that "he was subjected to a hazard placed on all [persons] in this certain part of the city." This Court granted certiorari review of that decision.

■ Under Oklahoma law, a workers' compensation claimant has the burden of proving that an injury occurred in the course of employment and arose out of the worker's employment. There is no dispute that Daniels' injury occurred in the course of his employment with Superior Stucco. The focus of this dispute is on the "arising out of" component of the burden. "[O]nly injuries having as their source a risk not purely personal but one that is reasonably connected with the condition of employment shall be deemed to arise out of employment." Okla. Stat. tit. 85 § 3(7)(a) (Supp.1994).

In the recent case of *American Management Systems, Inc. v. Burns*, 903 P.2d 288 (Okla.1995), this Court discussed a claimant's burden of establishing the causal connection between injury and employment. In *Burns*, an employee who traveled to Oklahoma City on his employer's business was found robbed and murdered in his hotel room. No evidence was presented to the Workers' Compensation Court to demonstrate the homicide was "occasioned by some *employment-related risk*, as distinguished from the ever present hazard of criminal activity" which affects the public in general. *Id.* at 293. Thus, there was no proof that the homicide arose out of the worker's employment.

■ Unlike *Burns*, the risk responsible for the injury in this case was connected to Daniels' employment and exceeded the ordinary hazards to which the general public was exposed. Evidence was presented of a dispute among contractors split along racial lines. Expert testimony was presented that Daniels' continued presence outdoors in a predominately black, high crime area put him at a higher risk of injury than that faced by members of the general public. It was from this evidence that the Worker's Compensation Court found the required nexus between injury and employment to satisfy the "arising out of" component of Daniels' burden of proof.

■ The Court of Appeals' review of the workers' compensation award was governed by the any-competent-evidence standard ar-

ticulated in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Under that standard, an appellate court is "simply to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Id.* at 552. It appears, however, that the Court of Appeals reweighed the evidence in this matter to reach a conclusion contrary to that reached by the Workers' Compensation Court. Such was not its task. Competent evidence was presented supporting the award of compensation.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF APPEALS VACATED; ORDER OF WORKERS' COMPENSATION COURT SUSTAINED.

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, OPALA, SUMMERS and WATT, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.