1999 OK CIV APP 67

**BAYARD DRILLING, Own Risk, Petitioner,**

v.

**Ropha W. MARTIN II, and Workers' Compensation Court, Respondents.**

**No. 92,438.**

Court of Civil Appeals of Oklahoma, Division 2.

May 25, 1999.

Cynthia Wood Welch, John S. Oldfield, Jr., Oldfield & Coker, Oklahoma City, Oklahoma for Petitioner.

Kenneth L. Wood, Boettcher, Ryan & Martin, Oklahoma City, Oklahoma, for Respondent.

REIF, J.

¶ 1 Own risk employer Bayard Drilling seeks review of the three-judge panel's order that affirmed an award of medical benefits to claimant Ropha Martin II. There was no controversy that Mr. Martin hurt his right hand while working on a Bayard drilling rig. Bayard has contested its liability, however, on the ground that Mr. Martin was intoxicated and impaired from drug use at the time of the injury. There was no dispute that a drug screen sample taken from Mr. Martin shortly after the injury tested positive for Delta–9–THC–CA (marijuana), Benzoylecgonine/Cocaine metabolite and Amphetamine/Metham-

phetamine. The trial court ruled that the results of the drug screen justified Bayard in terminating Mr. Martin from the light duty assignment he was provided after the injury and before the drug test results were received. The court also held that this loss of light duty relieved Bayard from paying temporary total disability. The trial court further ruled, however, that the drug test results did not prove that Mr. Martin was impaired to the degree specified in the statutory intoxication defense.

¶ 2 Bayard has challenged the conclusion concerning impairment before the three-judge panel and here on review based on the uncontroverted opinion of the medical expert who interpreted Mr. Martin's test results. The medical expert concluded that the levels of the drugs found *did* impair Mr. Martin's ability to work. Bayard has propounded that drug impairment is a medical condition involving a question of science and that any ruling by the workers' compensation court on that question must be based on expert evidence. Bayard argues that the only expert evidence on the question of drug impairment supported the single conclusion that Mr. Martin was impaired, and that no expert evidence supports the contrary conclusion reached by the trial court and affirmed by the three-judge panel.

¶ 3 The statutory "intoxication/impairment defense" excludes coverage for "[a]n injury resulting directly from the use or abuse of alcohol, illegal drugs or chemicals, or the abuse of prescription drugs ... when the use or abuse rendered the employee incapable of acting in the manner in which an ordinarily prudent and cautious person, in full possession of his or her faculties, and using reasonable care, would have acted at the time of the injury." 85 O.S. Supp.1998 § 11(A)(3). This statutory provision expressly authorizes the admission of post-accident alcohol or drug testing results into evidence.

¶ 4 The legislature has clearly recognized that scientific alcohol and drug testing is an important evidentiary means for proving alcohol or drug impairment that would exclude workers' compensation coverage. However, the legislature did not make scientific evidence the only means by which an employer can prove the requisite impairment or by which the employee can avoid the application of the statutory defense. We believe that if the legislature had intended scientific testing of samples from an accountable individual like an employee to have some special weight or effect, the legislature would have prescribed testing and accorded the results some presumptive effect as it did for accountable individuals like licensed drivers in cases of suspected impaired operation of a motor vehicle. 47 O.S. Supp.1998 §§ 751 through 761.

¶ 5 Instead, the legislature has adopted a "reasonable care" standard for judging impairment based on how "an ordinarily prudent and cautious person in full possession of his or her faculties" would act while working at the time of the injury. In adopting this standard, we believe the legislature intended that the question of impairment to be decided "objectively" on the basis of *all* the surrounding circumstances and evidence bearing on an employee's condition and ability to work, including lay testimony. It has long been recognized in Oklahoma that the proof of the fact of intoxication or sobriety does not require special knowledge, and need not be made by expert testimony. *See Whittmore v. State,* 1987 OK CR 192, ¶ 7, 742 P.2d 1154, 1157, *Templeton v. State,* 1956 OK CR 13, 293 P.2d 636 (syllabus 1), and *Butler v. State,* 34 Okla.Crim. 239, 245 P. 1004 (1926) (syllabus 1).

¶ 6 In the instant case, the opinion of the medical expert who interpreted the results of Mr. Martin's drug screen was certainly probative of impairment on the part of Mr. Martin. However, "[w]eight and credibility of expert testimony is exclusively for determination [by] the trier of facts." *City of Nichols Hills v. Hill,* 1975 OK 39, ¶ 28, 534 P.2d 931, 935 (citation omitted). In particular, "[p]robative value of medical evidence is for [the Workers' Compensation] Court, which may accept all or part of such evidence, or reject this evidence entirely." *Id.*

¶ 7 It has also long been recognized that the workers' compensation court "is not compelled to accord credence to the greater amount of evidence as against the lesser ... but may consider the record in totality."

*Pearl v. Associated Milk Producers, Inc.,* 1978 OK 105, ¶ 11, 581 P.2d 894, 896 (citations omitted). The workers' compensation trial court and three-judge panel were entitled to give credence and weight to Mr. Martin's lay testimony that (1) he had not taken any drugs or smoked anything on the day he was injured, (2) he was not impaired or under the influence, (3) he had contact with and had talked to his supervisor and co-workers before starting work and was not taken off duty, (4) he had worked three and one-half to four hours without any incidents or problems, and (5) the cause of the accident was the drilling rig "running a little bit too fast

... and the driller (operator) couldn't stop and so the elevators hit the top of [Mr. Martin's] hand."

¶ 8 "On appeal from a three judge panel of the Workers' Compensation Court, the appellate court is limited to canvassing the record to determine if there is any competent evidence to support the panel's decision." *Owings v. Pool Well Service,* 1992 OK 159, ¶ 8, 843 P.2d 380, 383 (footnote omitted). "A decision of the three judge review panel of the Workers' Compensation Court may not be reversed on appeal if it is supported by any competent evidence." *Id.* In the instant case, Mr. Martin's lay testimony was sufficient competent evidence to support the award of medical benefits and to deny employer's intoxication/ impairment defense, the expert evidence of employer notwithstanding. Accordingly, the award of medical benefits to claimant Ropha Martin II is SUSTAINED.

BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.