1999 OK CIV APP 120

**Steve GILLEY, Petitioner,**

**v.**

**CENTRAL DISTRIBUTORS, INC., Industrial Indemnity Co., and Workers' Compensation Court, Respondents.**

**No. 92,908.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 14, 1999.

Kenneth L. Wood, Boettcher, Ryan & Martin, Oklahoma City, Oklahoma, for petitioner.

Michael Mancillas, Mancillas & Avey, Oklahoma City, Oklahoma, for respondents.

REIF, J.

¶ 1 This case concerns the denial of workers' compensation benefits to claimant Steve Gilley on the ground that his job-related injury resulted directly from the use or abuse of illegal drugs. 85 O.S.Supp.1998 § 11(A)(3). Mr. Gilley was injured when he ran off the road for no apparent reason while driving employer's truck to make a delivery for employer. Mr. Gilley testified that he had no memory of how the accident happened. He did acknowledge that a post-accident drug screen was positive for meth-amphetamine. However, he has argued that there was "no evidence that connects use or abuse of any intoxicants to the cause of the accident." He points out that (1) his supervisor "did not observe any behavior from Gilley

that caused him to take Gilley off his truck route," (2) "[n]o witness testified that [he] was intoxicated at the time of the accident," (3) "[he] was not charged with any crime for driving while intoxicated," (4) he denied that he was intoxicated at the time of the accident, and (5) "[n]o drugs or illegal substances were found on [his] person or in his truck after the accident." Mr. Gilley asserts that employer "did not meet the required burden of proof to establish the intoxication defense."

¶ 2 In response, employer argues that Mr. Gilley's testimony concerning when he began the delivery trip was impeached and that his credibility in denying drug use on the morning of the accident is subject to serious question. Employer contends Mr. Gilley's lack of credibility and the circumstances of the one-vehicle accident, when considered with the drug test, furnish competent evidence to support the finding of impairment by the trial court and three-judge panel. We agree.

¶ 3 The use or abuse of illegal drugs by an injured employee works an exclusion of coverage when "the use or abuse rendered the employee incapable of acting in the manner in which an ordinarily prudent and cautious person, in full possession of his or her faculties, and using reasonable care, would have acted at the time of the injury." 85 O.S.Supp.1998 § 11(A)(3). "[T]he legislature intended that the question of impairment ... be decided 'objectively' on the basis of *all* the surrounding circumstances and evidence bearing on an employee's condition and ability to work, including lay testimony." *Bayard Drilling v. Martin,* 1999 OK CIV APP 67, ¶ 5, 986 P.2d 530, 531. In deciding this issue, "the workers' compensation court 'is not compelled to accord credence to the greater amount of evidence as against the lesser ... but may consider the record in totality.'" *Id.* at ¶ 7, 986 P.2d at 531 (citation omitted). "A decision of the three-judge review panel of the Workers' Compensation Court [on the issue of the intoxication/impairment exclusion] may not be reversed on appeal if it is supported by any competent evidence." *Id.* at ¶ 8, 986 P.2d at 532 (citation omitted).

¶4 The trial court and three-judge panel were free to conclude that Mr. Gilley was not telling the truth about when he began the delivery trip and could infer that he did so to conceal recent drug use. The trial court and three-judge panel could also infer from the circumstances of the one-vehicle accident that drug use had rendered him incapable of acting in a manner that an ordinary and prudent person in full possession of his faculties would have acted in operating the truck. In a few words, "all the surrounding circumstances and evidence bearing on [Mr. Gilley's] condition and ability to work" support the denial of benefits on the ground of drug impairment.

¶5 SUSTAINED.

BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.