2004 OK CIV APP 92

**Christopher A. NEWQUIST, Petitioner,**

v.

**HALL BUILDING PRODUCTS, INC., Compsource Oklahoma, and The Workers' Compensation Court, Respondents.**

**No. 100,722.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 15, 2004.

mately two years old.

William A. Vassar III, Oklahoma City, OK, for Petitioner.

Tracy Pierce Nester, Michael C. Bell, Oklahoma City, OK, for Hall Building Products, Inc. and Compsource Oklahoma.

## OPINION

ADAMS, Judge.

¶ 1 Claimant Christopher Newquist filed a workers' compensation claim contending he injured his face, head, neck, left jaw, left shoulder, and left wrist on June 13, 2003, while employed by Hall Building Products, Inc. (Employer, collectively with its insurer, Compsource Oklahoma). Claimant alleged he sustained his injuries when he fell 10 feet and landed face first on an attic ceiling joist while attempting to install pipe inside a fireplace chase. Employer denied the occurrence of a compensable injury, alleging horseplay, positive drug test results, and termination for cause.

¶ 2 After a trial concerning only the compensability of Claimant's injuries, the trial judge denied his request for temporary total disability benefits and medical treatment based on specific findings that "[t]he claimant produced a specimen on JUNE 17, 2003, that was positive for marijuana. Claimant refused a drug screen on the date of the accident" and "[t]he claimant has not overcome the presumption in 85 O.S. § 11A(3)." Claimant filed an *en banc* appeal, and the three-judge panel affirmed. Claimant then filed this review proceeding.

 ¶ 3 Under his sole proposition of error, Claimant argues the order must be set aside because there is no competent evidence to support the trial court's denial of benefits and "its attendant finding that the intoxication defense had been established." Relying on 85 O.S.2001 § 11(A)(3),[1] commonly referred to as the "intoxication" or more recently as the "intoxication/impairment" defense,[2] and on *Ashley v. Monsanto,* 2000 OK

---

1. This subsection excepts from coverage under the Workers' Compensation Act, injuries which would otherwise be covered, if the

    injury ... occurs when an employee ... is using or abusing alcohol or illegal drugs, or is illegally using chemicals; *provided, this paragraph shall only apply when the employee is unable to prove by a preponderance of the evidence that the substances, alcohol, illegal drugs, or illegally used chemicals were not the proximate cause of the injury or accident.* For the purposes of this paragraph, post-accident alcohol or drug testing results shall be admissible as evidence. (Emphasis added.)

2. For sometime after its enactment, § 11 excepted from coverage injury resulting "directly from the intoxication of the injured employee while on duty." Since 1977, the Legislature has gradually broadened this exception to include illegal drugs and chemical abuse, including inhaled or consumed substances, which the appellate court in *Bayard Drilling v. Martin,* 1999 OK CIV APP 67, 986 P.2d 530, apparently believed was more appropriately described as the "intoxication/impairment defense."

CIV APP 43, 4 P.3d 48, Claimant argues that "[o]nce the claimant presents evidence or testimony showing the accidental injury was a compensable event, then the employer must come forward and present evidence to refute the claim of the worker and establish the *affirmative defense.*" (Emphasis in original.) In this case, he claims "[t]he only evidence of marijuana was a test, *four days after the injury,* showing 'positive' with no further quantitative or qualitative analysis or explanation to relate it(sic) effects back to the time of the accident." (Emphasis in original.) He further claims that his own testimony (1) that he had not smoked marijuana within 48 hours before the accident, but rather two weeks before at a party, and (2) concerning his pre- and postaccident work activities, *i.e.,* he handled a service call before arriving at the work site, climbed up on the roof using scaffolding, removed a plywood sheet covering the chimney, got inside the chase, conversed with his co-worker, and immediately reported the injury to his supervisor, is sufficient competent evidence to establish that he was "not intoxicated" at the time of his injury.

¶ 4 Although Employer agrees that 85 O.S. 2001 § 11(A)(3) is the controlling statute, it disagrees that it has the burden of proof, arguing that (1) *Ashley* does not apply because it relates to a "wholly different issue," *i.e.,* a different § 11(A) exception, and that (2) "under the new language" of § 11(A)(3), there is "clearly no 'switching' of the burden of proof … the statute gives a presumption in favor of the defense and the burden simply lies with the employee to rebut the presumption."

¶ 5 Employer also argues that in addition to Claimant's positive test for marijuana four days after his accident, it presented evidence

that he specifically refused its physician's treatment and an urinalysis test on the date of his accident. Considering Claimant's admission of smoking marijuana two weeks before the trial, Employer argues the trial court apparently did not believe Claimant's testimony on his last use of marijuana.

■ ¶ 6 A different subsection of § 11(A) was addressed in *Ashley,*[3] but that difference does not make *Ashley* inapplicable on the issue of which party has the burden under § 11(A). Both § 11(A) subsections are *exceptions* to an employer's liability for compensation to an injured employee for which the Court has long held that employers must carry the burden. *See Wick v. Gunn,* 1917 OK 607, 169 P. 1087, 66 Okla. 316. The Court in *Shell Oil Co. v. State Industrial Commission,* 1955 OK 3, 279 P.2d 316, identified an early version of § 11(A)(3) as an affirmative defense. As with any true affirmative defense, the party raising it has the burden of proof. *See Special Indemnity Fund v. Choate,* 1993 OK 15, 847 P.2d 796. Employer's argument, which contains no response to Claimant's identification of § 11(A)(3) as an affirmative defense, seems to suggest its burden no longer exists under the "new language" of 85 O.S.2001 § 11(A)(3). We disagree.

¶ 7 When the Legislature adopted the current provisions § 11(A)(3), it changed the requirements for the affirmative defense. The Legislature removed any burden the Employer had under the previous statute to prove a direct causal link between the use or abuse of the enumerated substances and the injury.[4] However, the Legislature allowed a claimant to avoid this defense by proving by a preponderance of the evidence that the injury was not proximately caused by the use

---

**3.** The § 11(A) exception addressed by the *Ashley* Court, 85 O.S.Supp.1998 § 11(A)(2), provides "[a]n injury resulting directly from the willful failure of the injured employee to use a guard or protection against accident furnished for use pursuant to any statute or by order of the Commissioner of Labor."

**4.** Prior to the Legislature's amendment in 2001, 85 O.S.Supp.1998 § 11(A)(3) provided:
An injury resulting directly from the use or abuse of alcohol, illegal drugs or chemicals, or

the abuse of prescription drugs; provided, this paragraph shall only apply when the use or abuse rendered the employee incapable of acting in the manner in which an ordinarily prudent and cautious person, in full possession of his or her faculties, and using reasonable care, would have acted at the time of the injury. For the purposes of this paragraph, post-accident alcohol or drug testing results shall be admissible as evidence.

or abuse of the substances identified in the statute.

¶ 8 As this section is applied here, Employer satisfied its burden of proof on this defense if it proved by a preponderance of the evidence that Claimant's injury occurred "when" he was using or abusing marijuana. Claimant, on the other hand, could avoid this defense, even if Employer sustained its burden of proof, by proving by a preponderance of the evidence that his use of marijuana did not proximately cause his injuries.

¶ 9 We can only interpret the order denying Claimant recovery as concluding that Employer had sustained its burden and that Claimant had not sustained his. Our task is to determine whether there is any competent evidence to support those conclusions. *See Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548.

¶ 10 Claimant's admission that he previously used marijuana, his post-accident positive marijuana results and his refusals of both treatment and an urinalysis test together with evidence that Claimant was told by the physician that his refusal of the urinalysis test would be reported to his employer and would be considered a "positive test", provide competent evidence from which the trial court could conclude Claimant was using marijuana when he was injured. Although Claimant testified his refusals were due to the long wait of 20 or so people ahead of him and a call from Sears to pick up his tools, and he denied smoking marijuana less than 48 hours prior to the accident, the trial court was the judge of his credibility and was free to conclude that he was not telling the truth about his non-use of marijuana on the day of his accident.

¶ 11 In order to satisfy his burden of proving that the use of marijuana was not the proximate cause of his injuries, Claimant testified that he performed other pre-accident work activities successfully and that his fall was caused by his sweating due to the 100 degree temperatures on the date of the accident which resulted in his hands slipping from the support which he was holding. Because a trial court observes the demeanor of the witnesses in a workers' compensation case, it functions as the sole arbiter of the credibility of those witnesses and the weight to be given to their testimony; therefore, the trial court may refuse to accept any evidence which in its opinion is not entitled to belief. *Bittman v. Boardman,* 1977 OK 32, 560 P.2d 967. The record contains competent evidence to support a finding that Claimant had not sustained his burden of proving that the illegal drug use was not the proximate cause of his injuries.

¶ 12 This record contains competent evidence to support the trial court's conclusions. The order of the Workers' Compensation Court is sustained.

SUSTAINED.

BUETTNER, V.C.J./P.J., and MITCHELL, J. (sitting by designation), concur.