2010 OK CIV APP 111

**GEFCO and Fidelity and Guaranty Insurance Company,
Petitioners,**

v.

**Murlyn POOL and The Workers'
Compensation Court,
Respondents.**

No. 108,326.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 17, 2010.

Chad R. Whitten, The Whitten Law Firm, Jenks, OK, for Petitioner.

J.L. Franks, Daniel M. Phillips, Frasier, Frasier & Hickman, L.L.P., Tulsa, OK, for Respondents.

CAROL M. HANSEN, Judge.

¶ 1 Claimant, Murlyn Pool, had worked for Employer, Gefco, for 43 years as a welder.

He injured his lumbar back while catching a welding jig on April 29, 2009. He did not immediately notify Employer of the accident or his injury. He continued working, but his back worsened, and because of the pain and loss of motion, he could no longer do his job. He notified Employer of his injury on June 30, 2009. He filed a Form 3 on July 22, 2009. He was evaluated soon thereafter by Dr. B.

¶ 2 Employer answered, alleging Claimant did not sustain an accidental injury arising out of and in the course of his employment. Thereafter, Claimant filed a Form 9 seeking temporary total disability and referral to a board certified spine specialist for diagnostics and treatment on the recommendation of Dr. B.

¶ 3 On July 28, 2009, Dr. B filed his letter and report finding, among other things, hypertrophy of the facet joints and underlying posterior spurring and disc bulge and restricted range of motion. He reviewed Claimant's medical records. In his opinion Claimant was temporarily totally disabled and had been since June 30, 2009. He took into consideration that Claimant had a prior work-related injury to his back at a different location on his spine, from which he had excellent recovery. It was his opinion the employment-related activities Claimant performed with Employer were the major cause of his current injury and need for treatment to his lumbar spine. It was his recommendation Claimant be referred to a board-certified spine specialist for further evaluation, diagnostic testing and treatment as medically indicated. He stated clearly Claimant's injury arose out of and was the direct result of his work-related activity.

¶ 4 At trial, Claimant testified he was not having any problems with his low back prior to the current injury. He testified to pain in his back radiating down his left leg and into his foot. If he bent his back or turned a certain way he had severe pain. The court asked him why he did not notify Employer on the day he was hurt. He said he wanted to keep working. He said if his back got better with treatment, he would like to go back to work.

¶ 5 The trial court found work-related injury to Claimant and temporary total disability

and granted relief in the nature of treatment by a physician selected by Employer. On appeal by Employer, the Three–Judge Panel modified the trial court's order by adding a statement that Claimant overcame the presumption of non-work related injury by a preponderance of the evidence. Employer seeks review of the order.

¶ 6 Employer argues in his brief only that Claimant presented no evidence to overcome the presumption of no injury. 85 O.S. 2001 § 24.2(A) provides:

> Unless an employee or former employee gives oral or written notice to the employer within thirty (30) days of the date an injury occurs or the employee receives medical attention from a licensed physician during the thirty-day period from the date an injury occurred, the rebuttable presumption shall be that the injury was not work related. Such presumption must be overcome by a preponderance of the evidence.

¶ 7 A workers' compensation claimant has the burden of proving that an injury occurred in the course of employment and arose out of claimant's employment. *Superior Stucco v. Daniels,* 1995 OK 127, 912 P.2d 317. This burden must be met by a preponderance of the evidence. *See, Newquist v. Hall Building Products, Inc.,* 2004 OK CIV APP 92, 100 P.3d 1060. The Oklahoma Supreme Court dealt extensively with this issue in *Davis v. Southwestern Bell Telephone,* 2006 OK 48, 139 P.3d 892. In that decision the Court affirmed a trial court's finding the presumption had not been overcome by a preponderance of the evidence. In so doing, it commented that burden was no different than the burden imposed on a party to prove its case. It stated:

> Rebutting the presumption in § 24.2(A), however, does not place any additional burden on the claimant seeking to prove a workers' compensation claim. Any claimant seeking to recover under the Workers' Compensation Act is required to prove, by a preponderance of the evidence, that the injury is work related. The statutory presumption changes nothing. Presumptions shift the burden of proof. The existence of

a presumption imposes on the party against whom it is invoked the duty to offer evidence to the contrary. (citation omitted) If the opponent does offer evidence to the contrary, the presumption disappears and the case stands upon the facts and the reasonable inferences to be drawn therefrom. Section 24.2(A), however, places the burden of proof on the person who has that burden already.

Thus, Section 24.2 only requires a claimant to do what he or she is already required by law to do.

¶ 8 This Court's power is still to determine whether the panel's order is supported by competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. The panel found Claimant overcame the § 24.2 presumption by a preponderance of the evidence and his injuries were work-related. The standard of our review remains unchanged.

¶ 9 Claimant's testimony as well as Dr. B's report is competent evidence to support the panel's finding Claimant rebutted the presumption of § 24.2. *Davis v. Southwestern Bell Telephone, Id.*

¶ 10 SUSTAINED.

BUETTNER, P.J., and HETHERINGTON, J., concur.