2004 OK CIV APP 26

**Edward F. HALL, Petitioner,**

v.

**SHEFFIELD STEEL CORPORATION and the Workers' Compensation Court, Respondents.**

No. 99,605.

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided Dec. 18, 2003.

Certiorari Denied March 1, 2004.

Susan H. Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

Madalene A.B. Witterholt, Nora R. O'Neill, Crowe & Dunlevy, P.C., Tulsa, OK, for Respondent Sheffield Steel Corporation.

Opinion by KENNETH L. BUETTNER, Judge.

¶1 Edward F. Hall injured his back while working for Sheffield Steel in 1989 and was found to have a 20% permanent impairment because of his accident. He later moved for a change of condition for the worse and an additional 3% permanent impairment was adjudicated in 1999. In the 1999 order, the Workers' Compensation Court also ordered Sheffield Steel to provide Hall with "continuing medical care in the nature of prescription medication (prescription medication does not include injections) and monthly visits, with Dr. Feild." The trial court denied Hall's 2003 request for a "medical maintenance" hot tub with whirlpool. We sustain.

¶2 The record does not contain any formal or filed request for the hot tub, but a hearing was held concerning the issue at which the court took testimony and medical documentary evidence. It then issued its order July 10, 2003 stating:

THAT the prior Order of this Court dated December 16, 1999, contained a specific provision for continuing medical maintenance. That provision required the respondent to provide claimant with prescription medications and monthly office visits only. Claimant now requests, pursuant to Court directed review, a continuation of the prescription medication and office visits and also a hot tub. The hot tub was not covered by the prior orders directive concerning prescription *medication.* [Emphasis in original.] Further, the claimant has not filed a new motion to re-open to address the additional maintenance request of a hot tub. Therefore, claimant's request for a hot tub is denied as not falling under the Court's original Order for continuing medical maintenance nor as being requested pursuant to a new Motion to re-open.

¶3 Hall claims he does not need to file a motion to re-open and change of condition for the worse because the medical maintenance clause in his 1999 order covers the request for a hot tub. We disagree.

¶ 4 The 1999 order specifically provided for prescription medication (not injections) and doctor visits to maintain his medical condition. It did not include a hot tub, or any other devices which might temporarily relieve Hall's back pain and give him comfort, such as a special bed mattress or vibrating chair pad. Sheffield Steel voluntarily supplied him with a TENS unit, but that was a generosity outside the order.

¶ 5 In *Armstrong v. Unit Drilling,* 2002 OK 17, 43 P.3d 383, a claimant had been adjudged permanently and totally disabled in 1993 as a result of his heart attack. Armstrong had sought medical in 1993 and although there was no specific order with respect to medical maintenance, employer paid for his prescription medicines for the next six years. Employer then declined to pay for the medications. The Oklahoma Supreme Court held that the parties and the judge apparently interpreted the 1999 order as requiring the employer to pay for the continuing prescription expenses. It then stated, at ¶ 13, p. 386:

> We further direct, however, that only those medications Respondents paid for during the six years following the 1993 order are covered here. Any additional medications are expressly not covered by this opinion. Armstrong would be required to establish that his condition had changed for the worse and that the change was causally related to his original on-the-job injury as a prerequisite to establishing a right to an order requiring payment for additional medications. *Bill Hodges Truck,* 1989 OK 86 at ¶ 6, 774 P.2d 1063.

 ¶ 6 By analogy to *Armstrong,* only those things first authorized in the medical maintenance order may be brought to the court's attention in any manner other than a motion to re-open for change of condition for the worse. For example, in *Leach v. Hamilton Trucking Company,* 2002 OK CIV APP 11, 39 P.3d 824, a worker was found to have suffered compensable permanent partial binaural hearing loss. The employer was ordered to furnish the worker with hearing aids. When the worker could no longer have the hearing aids repaired, he asked for new ones. Employer objected stating the statute of limitations had run. The Court of Civil Appeals found that the hearing aids were medical maintenance (providing comfort while maintaining worker's present condition) and that there was no limitation period for such things. Employer was required to furnish the employee with hearing aids until an order of the Workers' Compensation Court that the aids were not necessary.

 ¶ 7 Employer is responsible for the specific medical maintenance the Workers' Compensation Court orders. It is not responsible for any other arguably maintenance-type materials without a court order pursuant to a motion to re-open. For the reason expressed, we SUSTAIN the order of the Workers' Compensation Court.

ADAMS, P.J., and JOPLIN, C.J., concur.