2012 OK 107

Vincent James HOGG, Sr., Petitioner,

v.

OKLAHOMA COUNTY JUVENILE BU-REAU, Oklahoma County (Own Risk # 14772) and the Workers' Compensa-tion Court, Respondents.

No. 110,890.

Supreme Court of Oklahoma.

Dec. 11, 2012.

James C. Ferguson and Bruce V. Winston, Walker, Ferguson & Ferguson, Oklahoma City, Oklahoma, for Respondents.

COMBS, J.

¶ 1 Petitioner, Vincent James Hogg, Sr., (Petitioner) seeks review of a June 28, 2012, order of the Workers' Compensation Court pursuant to 85 O.S.2011, § 340. The order denied Petitioner workers' compensation benefits based upon the trial court's interpretation of 85 O.S.2011, § 312(3). We disagree with the trial court's findings and reverse and remand for further proceedings consistent with this opinion.

## FACTS

¶ 2 Petitioner was employed by the Oklahoma County Juvenile Detention Center when, on November 4, 2011, he sustained an injury to his right shoulder and neck while subduing an unruly and combative juvenile. The trial court found Petitioner sustained an injury and timely reported the injury to his employer on November 8, 2011. Petitioner was given a post-accident drug screen on November 8, 2011, and a follow-up screen the next day, November 9, 2011. Both screens showed a "positive" result for the presence of marijuana in his system.[1] The trial court also found the Petitioner did not dispute the test results but Petitioner denied ever smoking marijuana. Petitioner's testimony revealed only that before November 4th he had been in the presence of others who were smoking marijuana.

¶ 3 The trial court found there was no evidence presented to establish Petitioner was "high" on November 4, 2011, nor was there any evidence to establish the marijuana in his system was the "major cause" of the accidental injury.[2] The trial court did, however, deny Petitioner's eligibility for workers' compensation benefits by reason of its inter-

John C. McMurry, John C. McMurry, P.C., Oklahoma City, Oklahoma, Brandon Joe Burton and Thurman Royce Banks, Burton & Associates, P.C., Oklahoma City, Oklahoma, for Petitioner.

1. Each test was sent to ACL Laboratory and the results only indicated a positive test result for marijuana. There were no THC levels indicated on the results.

2. Paragraph 5 of the June 28, 2012, Order Denying Eligibility for Workers' Compensation Benefits Pursuant to 85 O.S. § 312(3), states:

"THAT there was no evidence presented to prove that claimant was 'high' on November 4, 2011 when the 'incident' admittedly occurred. Nothing was presented which would cause the court to conclude that the marijuana in his system constituted the 'major cause' of the accidental injury."

pretation of the newly created 85 O.S.2011, § 312(3).

¶ 4 The trial court noted when the Workers' Compensation Code was created in 2011 it "essentially reiterated" the repealed provisions of 85 O.S. Supp.2010, § 11(A)(3) of the Workers' Compensation Act.[3] Subsection A of repealed § 11 provides as follows:

A. **Every employer** subject to the provisions of the Workers' Compensation Act **shall pay, or provide** as required by the Workers' Compensation Act, **compensation** according to the schedules of the Workers' Compensation Act for the disability or death of an employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury, and in the event of disability only, **except as follows:**

1. An injury occasioned by the willful intention of the injured employee to bring about injury to himself or herself, or another;

2. An injury resulting directly from the willful failure of the injured employee to use a guard or protection against accident furnished for use pursuant to any statute or by order of the Commissioner of Labor;

3. An injury which occurs when an employee is using substances defined and consumed pursuant to Section 465.20 of Title 63 of the Oklahoma Statutes, or is using or abusing alcohol or illegal drugs, or is illegally using chemicals; **provided, this paragraph shall only apply when the employee is unable to prove by a preponderance of the evidence that the substances, alcohol, illegal drugs, or illegally used chemicals were not the proximate cause of the injury or accident.** For the purposes of this paragraph, post-accident alcohol or drug testing results shall be admissible as evidence;

4. Except for innocent victims, an injury caused by a prank, horseplay, or similar willful or intentional behavior; and

5. An injury which occurs outside the course of employment. Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment, excluding areas not under the control of the employer or areas where essential job functions are not performed; provided, however, when the employee is instructed by the employer to perform a work-related task away from the employee's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the performance of job duties directly related to the task as instructed by the employer, including travel time that is solely related and necessary to the employee's performance of the task. Travel by a policeman, fireman, or a member of a first aid or rescue squad, in responding to and returning from an emergency, shall be deemed to be in the course of employment. (Emphasis added)

Section 312 of the Code now contains some of § 11's language. Section 312 provides as follows:

The following **shall not constitute a compensable injury** under the Workers' Compensation Code:

1. An injury occasioned by the willful intention of the injured employee to bring about injury to himself or herself, or another;

2. An injury resulting directly from the willful failure of the injured employee to use a guard or protection against accident furnished for use pursuant to any statute or by order of the Commissioner of Labor;

3. An injury which occurs **when** an employee's use of illegal drugs or chemicals or alcohol is the **major cause of the injury**

---

**3.** Senate Bill No. 878 (2011), 2011 Okla. Sess. Laws ch. 318, created the Workers' Compensation Code to replace the Workers' Compensation Act. SB 878 did not contain an effective date clause or an emergency clause and therefore became effective August 26, 2011; 90 days from

the adjournment of the legislative session in which it was passed pursuant to art. 5, § 58 of the Oklahoma Constitution. Pursuant to SCR 20 (2011) the First Session of the Fifty-third Legislature adjourned sine die at 5:00 p.m., Friday, May 27, 2011.

or accident. The employee shall prove by a **preponderance of the evidence** that the use of drugs, chemicals or alcohol was not the major cause of the injury or accident. **For the purposes of this paragraph, post-accident alcohol or drug testing results shall be admissible as evidence.** A public or private employer may require an employee to undergo drug or alcohol testing if the employee has sustained an injury while at work. **For purposes of workers' compensation, no employee who tests positive for the presence of substances defined and consumed pursuant to Section 465.20 of Title 63 [4] of the Oklahoma Statutes, alcohol, illegal drugs, or illegally used chemicals, or refuses to take a drug or alcohol test required by the employer, shall be eligible for such compensation;**

4. Except for innocent victims, an injury caused by a prank, horseplay, or similar willful or intentional behavior;

5. An injury occurring at a time when employment services were not being performed before the employee was hired or after the employment relationship was terminated; and

6. An injury which occurs outside the course of employment. Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment, excluding areas not under the control of the employer or areas where essential job functions are not performed; provided, however, when the employee is instructed by the employer to perform a work-related task away from the employee's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the performance of job duties directly related to the task as instructed by the employer, including travel time that is solely related and necessary to the employee's performance of the task. Travel by a policeman, fireman, or a member of a first aid or rescue squad, in responding to and returning from an emergency, shall be deemed to be in the course of employment. (Emphasis added)

Both sections concern exceptions to eligibility for workers' compensation benefits. The trial court opined that under repealed § 11(A)(3) "claimant's proof would carry the day," however, because the injury occurred after that section was repealed, it found Petitioner is ineligible for workers' compensation benefits pursuant to the last sentence in 85 O.S.2011, § 312(3). This sentence was not contained in the repealed language of § 11. The trial court found the last sentence of § 312(3) to be a legislative mandate that claimants be ineligible for workers' compensation benefits when illicit drugs are found to be in their system, ostensibly regardless of whether or not the drugs were a major cause of the accidental injury. The trial court's order thus views the provisions of Section 312(3)'s final sentence in isolation and therefore created an irrebuttable presumption.[5]

---

4. Title 63 O.S.2011, § 465.20 provides:
   (a) It shall be unlawful for any person deliberately to smell, inhale, breathe, drink or otherwise consume any compound, liquid, chemical, controlled dangerous substance, prescription drugs or any other substance or chemical containing any ketones, aldehydes, organic acetones, ether, chlorinated hydrocarbons or metallic powders, such as gasoline, glue, fingernail polish, adhesive cement, mucilage, dope, paint dispensed from pressurized containers or any other substance or combination thereof containing solvents releasing toxic vapors, with the intent to cause conditions of intoxication, inebriation, excitement, elation, stupefaction, paralysis, irrationality, dulling of the brain or nervous system, or any other changing, distorting or disturbing of the eyesight, thinking processes, judgment, balance or coordination of such person.

   (b) The provisions of this statute shall not pertain to any person who inhales, breathes, drinks or otherwise consumes such material or substance pursuant to the direction or prescription of any licensed doctor, physician, surgeon, dentist or podiatrist; nor to the consumption of intoxicating liquor.
   (c) Any person who violates any provisions of this act relating to inhalation of glue or other substances shall be guilty of a misdemeanor, and upon conviction shall be subject to imprisonment in the county jail for not more than one (1) year or a fine of not more than Five Hundred Dollars ($500.00), or both such imprisonment and fine.

5. Paragraph 8 of the June 28, 2012, Order Denying Eligibility for Workers' Compensation Benefits Pursuant to 85 O.S. § 312(3), states:

The trial court concluded the legislature had established a "no tolerance rule" and therefore Petitioner was ineligible for workers' compensation benefits.

## STANDARD OF REVIEW

¶ 5 Title 85 O.S.2011, § 340(D) provides this Court with original jurisdiction to review orders of the Workers' Compensation Court and grants authority to modify, reverse, remand for rehearing, or set aside the order upon grounds that the order was contrary to law, among other things. Our review of the Workers' Compensation Court's legal rulings is plenary, independent and non-deferential. *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, ¶ 8, 37 P.3d 899, 903–904. Petitioner presents a question of law and such questions are reviewed by a *de novo* standard. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. A legal question involving statutory interpretation is reviewed *de novo*. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 8, 33 P.3d 302, 305.

## ANALYSIS

¶ 6 The dispositive issue presented is whether the trial court erred in its interpretation of 85 O.S.2011, § 312(3). Petitioner challenges the trial court's interpretation of this paragraph. The trial court found the last sentence of paragraph 3 expressed the legislative intent of the entire paragraph without giving any weight to the other sentences of paragraph 3. In its order, the trial court indicated this sentence created an irrebuttable presumption. We disagree.

¶ 7 Ascertaining the meaning of statutory language is a pure issue of law. A cardinal rule of statutory construction is to ascertain and give effect to the legislative intent. *City of Oklahoma City v. International Assoc. of Fire Fighters, Local 157*, 2011 OK 29, ¶ 17, 254 P.3d 678, 683, citing *Naylor v. Petuskey*, 1992 OK 88, ¶ 4, 834 P.2d 439, 440. When a strict literal construction leads to an inconsistent or incongruent result between provisions, we will utilize rules of statutory construction to reconcile the discord and ascertain the legislative intent. *St. John Medical Center v. Bilby*, 2007 OK 37, ¶ 6, 160 P.3d 978, 979. In determining legislative intent this Court will look at the context of any ambiguous provisions and not limit our consideration to any one word or phrase. *Id.* We will give a sensible construction when interpreting statutes and not presume that the legislature intended an absurd result. *AMF Tubescope Company v. Hatchel*, 1976 OK 14, ¶ 21, 547 P.2d 374, 379. This Court will further reconcile different provisions of legislative acts to give intelligent effect to each and render them harmonious and consistent where possible. *Eason Oil Company v. Corporation Commission*, 1975 OK 14, ¶ 9, 535 P.2d 283, 286.

¶ 8 Title 85 O.S.2011, § 312's opening sentence states "[t]he following shall not constitute a compensable injury under the Workers' Compensation Code." It then follows with 6 paragraphs detailing circumstances where an injury would not be compensable. Paragraphs 1, 2, and 4, concern injuries occurring due to willful and intentional acts of the injured worker.[6] Paragraphs 5 and 6 relate to injuries occurring prior to employment or after termination of employment as well as those occurring outside the course of employment. Paragraph 3 is the subject of this appeal and its relevant provisions are as follows:

> 1st sentence: "An injury which occurs when an employee's use of illegal drugs or chemicals or alcohol is the **major cause** of the injury or accident."

"THAT even though claimant denied that he smoked marijuana, that testimony is insufficient to overcome the legislative mandate that claimants be ineligible for workers' compensation benefits when illicit drugs are found to be in their system. This appears to be a 'no tolerance rule.' As stated in *State ex rel. Wright v. Oklahoma Corporation Commission*, 2007 OK 73, 170 P.3d 1024, ¶ 60, '[a]n irrebuttable, conclusive, or absolute presumption is a rule of law that once the averment is shown it may not be overcome by any proof that the fact is otherwise.' "

6. These are paraphrased as follows: 1) willful intention to bring about the injury, 2) a willful failure to use a furnished guard or protection pursuant to statute or the Commissioner of Labor, and 4) horseplay or similar or intentional behavior.

2nd sentence: "The employee shall prove by a preponderance of the evidence that the use of drugs, chemicals or alcohol was not the **major cause** of the injury or accident.

3rd sentence: "For the purposes of this paragraph, post-accident alcohol or drug testing results shall be admissible as evidence."

Last sentence: "For purposes of workers' compensation, no employee who tests positive for the presence of substances defined and consumed pursuant to Section 465.20 of Title 63 of the Oklahoma Statutes, alcohol, illegal drugs, or illegally used chemicals, or refuses to take a drug or alcohol test required by the employer, shall be eligible for such compensation." (Emphasis applied)

¶ 9 The trial court views the last sentence of 85 O.S.2011, § 312(3) as controlling the entire paragraph. In essence, treating this last sentence as if it were a later amendment to repealed 85 O.S. Supp.2010, § 11. This Court has previously held that the most recent legislative expression must be given effect over prior enactments of contrary import. *Brown v. Marker,* 1965 OK 172, ¶ 19, 410 P.2d 61, 66.

¶ 10 Title 85 O.S.2011, § 312 was created in Senate Bill 878 (2011) and became effective August 26, 2011.[7] The "lead line" of Section 12 of Senate Bill 878 (2011) provides "SECTION 12. **NEW LAW** A new section of law to be codified in the Oklahoma Statutes as Section 312 of Title 85, unless there is created a duplication in numbering . . ." This new section of law with all its provisions became effective on August 26, 2011. Section 87 of Senate Bill 878, the repealer section, also repealed 85 O.S. Supp.2010, § 11 among many other sections of the Workers' Compensation Act.

¶ 11 The language in 85 O.S.2011, § 312(3) differs from that in repealed 85 O.S. Supp. 2010, § 11(A)(3). The term **"major cause"** was not used anywhere in § 11(A)(3). Section 11(A)(3) allowed the employee to prove by a preponderance of the evidence that the substances, alcohol, illegal drugs, or illegally used chemicals were not the **proximate cause** of the injury or accident.

¶ 12 Petitioner argues the last sentence of 85 O.S.2011, § 312(3) should be taken in context with the entire paragraph; otherwise, it would make the first three sentences meaningless. Petitioner would treat the first sentence as a topic sentence describing a non-compensable event, namely, an injury occurs and the use of illegal drugs, chemicals or alcohol is the **major cause** of the injury. Petitioner asserts the last sentence comes into play when there is evidence that the substance for which the injured worker tested positive is a **major cause** of the accident and the drug screening test is evidence of that conclusion.

¶ 13 The Court must view this new section of law, 85 O.S.2011, § 312, in its entirety as the expression of legislative intent. The last sentence of paragraph 3 of that section should not be viewed in isolation. To do so would render the first 3 sentences of the paragraph superfluous and lead to absurd results. The last sentence standing alone has no relevant time frame for the taking of the drug or alcohol test, if not viewed in conjunction with the issue of major cause of the accident in question. A worker who tests positive would lose their eligibility for benefits even though a test might be taken months following the alleged injury or accident if there is no relation to the issue of the positive test/use as a major cause of the accident in question. There is also no restriction on when eligibility would resume. Without some relationship to the major cause of the accident in question, would a worker who tested positive once always be ineligible for workers' compensation benefits? We will not presume the legislature intended such absurd results.

¶ 14 The first two sentences of paragraph 3 of 85 O.S.2011, § 312, clearly link the use of illegal drugs, or chemicals or alcohol as a major cause to the injury or accident. In order to give meaning to the last sentence in conjunction with the rest of the paragraph we find the last sentence creates a rebuttable presumption. Once a claimant tests positive or refuses to test for such a substance after an injury or accident, a rebuttable presumption is created. In order to be eligible for workers' compensation bene-

7. 2011 Okla. Sess. Laws ch. 318.

fits, a claimant must then be allowed to present evidence to overcome this rebuttable presumption by establishing that the substance use was not the **"major cause"** of the injury or accident. If the worker fails to meet this burden by a preponderance of the evidence he or she would not be eligible for workers' compensation benefits related to that injury or accident. In *Newquist v. Hall Building Products, Inc.*, 2004 OK CIV APP 92, ¶ 8, 100 P.3d 1060, 1063, the Oklahoma Court of Civil Appeals, Division I, dealt with a similar fact scenario. It determined the first sentence of 85 O.S.2001, § 11(A)(3) "injury ... occurs when an employee ... is using or abusing alcohol or illegal drugs, or is illegally using chemicals ..." establishes the employer's burden of proof on the affirmative defense against liability. It held that the "[e]mployer satisfied its burden of proof on this defense if it proved by a preponderance of the evidence that Claimant's injury occurred 'when' he was using or abusing marijuana." In *Davis v. Southwestern Bell Telephone*, 2006 OK 48, ¶ 15, 139 P.3d 892, 896, we held that "[p]resumptions shift the burden of proof. The existence of a presumption imposes on the party against whom it is invoked the duty to offer evidence to the contrary." If the claimant offers evidence sufficient to overcome the rebuttable presumption the case would then stand upon the facts and reasonable inferences to be drawn therefrom.[8] If possible, we will construe statutes so the whole may stand. *Olim v. W.E. Mayberry*, 1974 OK 81, ¶ 16, 524 P.2d 24, 26. This interpretation of legislative intent takes into account the whole paragraph and harmonizes its provisions to avoid an absurd result.

¶ 15 Petitioner also asks this Court to find the last sentence of 85 O.S.2011, § 312(3) unconstitutional and void as violating first, the separation-of-powers doctrine, secondly, the prohibitions against bills of attainder and finally the due process clause of the United States Constitution and the Oklahoma Constitution. Petitioner requests the last sentence be stricken and the remainder of § 312(3) remain valid in accordance with title 75 O.S.2011, § 11a (1).[9] Inasmuch as we have resolved the dispositive issue by harmonizing the language of § 312(3) we need not address these constitutional challenges at this time.

¶ 16 As noted earlier, the trial court found there was no evidence presented to show the Petitioner was "high" on November 4, 2011, nor was anything presented "that would cause the court to conclude that the marijuana in his system constituted the 'major' cause of the accidental injury."[10] Therefore, the Petitioner has overcome the rebuttable presumption of ineligibility for workers' compensation benefits, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

¶ 17 COLBERT, V.C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS and GURICH, JJ., concur.

¶ 18 TAYLOR, C.J., and WINCHESTER, J., dissent.

---

8. *Davis v. Southwestern Bell Telephone*, 2006 OK 48, ¶ 15, 139 P.3d 892, 896.

9. Title 75 O.S.2011, § 11a (1) provides as follows:
   In the construction of the statutes of this state, the following rules shall be observed:
   1. For any act enacted on or after July 1, 1989, unless there is a provision in the act that the act or any portion thereof or the application of the act shall not be severable, the provisions of every act or application of the act shall be severable. If any provision or application of the act is found to be unconstitutional and void, the remaining provisions or applications of the act shall remain valid, unless the court finds:

   a. the valid provisions or application of the act are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the Legislature would have enacted the remaining valid provisions without the void one; or
   b. the remaining valid provisions or applications of the act, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

10. See paragraph 5 of the June 28, 2012, Order Denying Eligibility for Workers' Compensation Benefits Pursuant to 85 O.S. § 312(3), fn. 2 supra.