Question Submitted by: Steve Emmons, Executive Director, Council on Law Enforcement Education and Training
2017 OK AG 15
Decided: 12/12/2017
Oklahoma Attorney General Opinions

Cite as: 2017 OK AG 15, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. If CLEET pays a vendor for the cost of supplying meals to cadets receiving basic law enforcement training prior to CLEET having collected such costs from the cadet's employing law enforcement agency, would the payment be an extension of credit in violation of Okla. Const. art. X, § 15?
2. May CLEET lawfully require law enforcement agencies to pre-pay the cost of providing meals to basic law enforcement training cadets employed by a County Sheriff or a State law enforcement agency?
3. May a County or a State law enforcement agency lawfully pre-pay the cost of meals for their cadets attending CLEET basic law enforcement training prior to commencement of the training?
4. May CLEET lawfully require a County or State law enforcement agency to provide a purchase order for the cost of meals to be provided to the agency's cadets attending CLEET's basic law enforcement training?
I.
Background
¶1 A condition of employment as a full-time municipal police officer or peace officer in Oklahoma is timely certification and annual continuing education through the Council on Law Enforcement Education and Training ("CLEET"). 70 O.S.Supp.2017, § 3311(B), 3311.4(A). An uncertified police or peace officer may be hired by a municipality, a County, or a State law enforcement agency, but only on "temporary" status until the officer becomes certified. Id. § 3311(E)(3). If the officer does not become certified within six months of appointment, the officer forfeits the position and the agency must withhold the officer's compensation or wages. Id.
¶2 For initial certification, a full time law enforcement officer must complete a basic police course academy consisting of a minimum of 600 hours of basic training.[1] The cost of housing and training the cadets attending such training is initially borne by the State.[2]
¶3 When it was created in 1965, CLEET training was voluntary and participants were personally responsible for their costs of travel, meals, and fees, subject to reimbursement by their employing agencies. See 70 O.S.Supp.1965, § 3311(a). In 1967, CLEET basic law enforcement training and certification became mandatory for all permanent law enforcement officers, see 70 O.S.Supp.1967, § 3311(g), but responsibility for the costs of travel, meals, and fees remained with the law enforcement officer, subject to the possibility of reimbursement by the employing agency. Id. § 3311(a). In 1981, the Legislature authorized CLEET to contract for and directly pay the costs of classroom space, meals, and lodging for trainees to attend CLEET courses. 70 O.S.1981, § 3311(G)(3). In its current form, this authorization provides, in relevant part, as follows:
[CLEET] is hereby authorized and directed to...[e]nter into contracts and agreements for the payment of classroom space, food, and lodging expenses as may be necessary for law enforcement officers attending any official course of instruction approved or conducted by [CLEET]. Such expenses may be paid directly to the contracting agency or business establishment[.]
70 O.S.Supp.2017, § 3311(B)(8) (emphasis added). Consequently, rather than require cadets to initially underwrite the cost of food and lodging and thereafter seek reimbursement from their agencies, CLEET is authorized to directly shoulder such expenses.
¶4 You state that prior to 2016, the Legislature appropriated funds to CLEET for the purpose of providing meals to law enforcement cadets attending residential training. In 2016, however, the Legislature authorized CLEET to "assess a charge not to exceed Twenty Dollars per day to any Oklahoma Law Enforcement Agency for payment of breakfast and lunch expenses, incurred by CLEET, during the training of agency peace officers." 70 O.S.Supp.2016, § 3311.15. Failure to pay the charge would preclude the agency's employees from participating in CLEET's Basic Academy in the future. Id.
¶5 In 2017, the Legislature amended Section 3311.15 to read as follows:
Notwithstanding any other provision of law, [CLEET] is hereby authorized to assess a registration fee not to exceed Thirty Dollars ($30.00) per day to any Oklahoma Law Enforcement Agency to cover the costs of breakfast, lunch and dinner meals provided by CLEET, during the training of agency peace officers. Failure to timely pay these charges will preclude future participation of any employee of the law enforcement agency in the CLEET Basic Academy. All moneys from charges assessed for these purposes shall be deposited in the Peace Officer Revolving Fund created in Section 3311.7 of this title.
70 O.S.Supp.2017, § 3311.15. (emphasis added).
II.
Discussion
A. CLEET's payment of the cost to supply meals to training cadets prior to having collected such costs from the cadet's employing agency is not an unlawful extension of the State's credit under Article X, Section 15 of the Oklahoma Constitution.
¶6 Article X, Section 15 of the Oklahoma Constitution provides, in relevant part:
Except as provided by this section, the credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State[.]
Okla. Const. art. X, § 15 (emphasis added). "Credit" is commonly understood to mean, among other things, "financial or commercial trustworthiness[.]" Webster's Third New Int'l Dictionary 533 (2002); see also A.G. Opin. 1984-5, at 15 (defining "credit" in the context of Section 15 as "[t]he ability of a business or person to borrow money, or obtain goods on time, in consequence of the favorable opinion held by the particular lender as to solvency and reliability" (quoting Black's Law Dictionary 331 (rev. 5th ed. 1979))).
¶7 Under Title 70, Section 3311, CLEET is "authorized and directed to...[e]nter into contracts and agreements for the payment of classroom space, food, and lodging expenses as may be necessary for law enforcement officers attending any official course of instruction approved or conducted by [CLEET]." 70 O.S.Supp.2017, § 3311(B)(8). The law enforcement agency's obligation to pay CLEET for the cost of meals provided to the agency's cadets, now through a registration fee, is statutory, and failure to timely pay the registration fee precludes that agency's cadets from participating in the future basic training academy. See id. § 3311.15. CLEET's obligation is contractual and arises regardless of whether, or when, CLEET receives payment from the cadet's employing agency.
¶8 By paying its vendor, CLEET is not paying "for" the law enforcement training cadets, who no longer have any personal obligation to pay for such meals supplied by CLEET, nor is CLEET paying "for" the law enforcement agency who employs the training cadet, which has no obligation or even legal authority to pay the food service provider. CLEET is simply fulfilling its own contractual obligation to pay for meals supplied by the food service provider. Consequently, CLEET does not unconstitutionally extend the State's "credit" to the law enforcement training cadet, nor to the cadet's employing agency, by paying the food service provider. Neither the cadet nor the cadet's employer have any legal duty to pay the food service provider for the meals, so no "credit" is being extended to them by CLEET making payment under its contractual obligation.
B. Under Title 70, Section 3311.15, CLEET may require law enforcement agencies to pre-pay the cost of providing meals to their cadets during CLEET training through timely payment of the statutory registration fee.
¶9 To determine whether CLEET may require agencies to pre-pay the costs of meals served to their cadets at CLEET training, we look to the ordinary meaning of the language used by the Legislature in the 2017 amendment to Section 3311.15. See 25 O.S.2011, § 1. ("Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears[.]"). As amended, Section 3311.15 permits CLEET to "assess a registration fee...to any Oklahoma Law Enforcement Agency to cover the costs of breakfast, lunch and dinner meals provided by CLEET, during the training of agency peace officers." 70 O.S.Supp.2017, § 3311.15.
¶10 The ordinary meaning of "assess" in this context is "to determine the amount of and impose (as a tax, charge, or fine) according to an established rate or apportionment[.]" Webster's Third New Int'l Dictionary 131 (2002). "Registration" refers to the "act or fact of registering," while "register" as used in Section 3311.15 is commonly understood to mean "to enroll formally as a student in a school or course[.]" Id. at 1912. Accordingly, the "registration fee" in Section 3311.15 is a fee imposed upon law enforcement agencies to enroll their cadets in CLEET training courses. By its very nature, such a fee is paid prior to attendance or, put differently, pre-paid.
¶11 To be sure, the fee described in Section 3311.15 is for the express--and narrow--purpose of providing revenue to CLEET to defray the cost of meals provided to cadet trainees. That purpose, however, does not change the nature of the fee itself or constrain CLEET from requiring it to be paid before such costs are incurred.
¶12 By inference, Section 3311.15 also authorizes the law enforcement agencies to pay the registration fee. Indeed, it would make little sense for the Legislature to mandate CLEET training for new officers and authorize CLEET to impose a registration fee upon an officer's employing agency as a prerequisite of attending such training, but not permit the agency to pay the fee when due. See Hogg v. Okla. Cty. Juv. Bur., 2012 OK 107, ¶ 7, 292 P.3d 29, 33 ("We will give a sensible construction when interpreting statutes and not presume that the legislature intended an absurd result."). Moreover, State agencies are specifically authorized to directly pay registration fees for their employees to attend training or conferences. See 74 O.S.Supp.2017, § 500.2(E)(3) (State Travel Reimbursement Act); see also Office of Management and Enterprise Services, Statewide Accounting Manual 144-45 (2015).[3] Similarly, Counties are required to appropriate monies to provide for the payment of deputies' training expenses. See 19 O.S.2011, § 162.[4]
C. CLEET may require a County or State law enforcement agency to provide a purchase order encumbering the cost of the registration fee for the agency's cadets to attend CLEET's basic law enforcement training.
¶13 If CLEET elects to assess a registration fee pursuant Section 3311.15, payment of the fee by State or County law enforcement agencies must come from lawfully budgeted State or County funds. Both the State and Counties must encumber funds lawfully budgeted for such purpose pursuant to legal requirements in effect at the time the law enforcement agency seeks to obligate such budgeted funds. See 62 O.S.Supp.2017, § 34.62 (regarding encumbrance requirements for State agencies), 62 O.S.2011, § 310.2 (regarding encumbrance requirements for County agencies). An assessment under Section 3311.15 constitutes a lawful claim by CLEET against the law enforcement agency. Untimely encumbrance of CLEET's assessment, or the attempted encumbrance of CLEET's assessment after appropriated funds have previously been either fully encumbered or expended by the agency, will bar payment of CLEET's lawful claim. Thus, it is only prudent for CLEET to assure itself that when assessed, the registration fee will be paid.
¶14 Because CLEET is given legal authority to make assessments under Section 3311.15, it also has the implied power to assure payment of its lawful claim. See, e.g., Marley v. Cannon, 1980 OK 147, ¶ 10, 618 P.2d 401, 405. ("[A]n officer or agency has, by implication and in addition to the powers expressly given by statute, such powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers."). Like any other public agency creditor, as a matter of policy, CLEET may choose to require the production of the encumbered purchase order to assure that its assessment will be paid promptly from available appropriated funds.
¶15 It is, therefore, the official Opinion of the Attorney General that:
1. Payment by the Council on Law Enforcement Education and Training (CLEET) of the cost of supplying meals to CLEET training cadets prior to CLEET actually collecting such costs from the cadet's employing agency is not an unlawful extension of the State's credit under Okla. Const. art. X, § 15. 
2. Under 70 O.S.Supp.2017, § 3311.15, the Council on Law Enforcement Education and Training (CLEET) may require law enforcement agencies to pre-pay the cost of providing meals to their cadets during CLEET training by assessing a registration fee not to exceed Thirty Dollars ($30.00) per day. 
3. A County or a State law enforcement agency may lawfully pre-pay the cost of meals for their cadets attending training provided by the Council on Law Enforcement Education and Training (CLEET) by paying the statutory registration fees assessed by CLEET pursuant 70 O.S.Supp.2017, § 3311.15.
4. The Council on Law Enforcement Education and Training (CLEET) has implied legal authority under 70 O.S.Supp.2017, § 3311.15 to require a County or State law enforcement agency to provide CLEET an encumbered purchase order encompassing the total assessed registration fee(s) for the agency's cadet(s) as a condition precedent to the registration of the agency's cadets to attend CLEET's basic law enforcement training.
MIKE HUNTER
Attorney General of Oklahoma
CHARLES S. ROGERS
Senior Assistant Attorney General
FOOTNOTES
[1] This hourly minimum is subject to the availability of funding provided to CLEET for the basic police course academy. 70 O.S.Supp.2017, § 3311(E)(2).
[2] Trainees are required to sign promissory notes obligating them to pay the total cost of the basic law enforcement training, but they earn monthly credits against said notes that ultimately discharge the obligation after four years of service as a police officer or law enforcement officer. See 70 O.S.Supp.2017, § 3311.11(C).
[3] Available at https://www.ok.gov/OSF/documents/StatewideAccountingManual.pdf (last visited December 11, 2017).
[4] While Article X, Section 9 prohibits counties from using ad valorem tax revenue for State purposes, that prohibition would not be implicated here because the CLEET-provided training for sheriffs' deputies directly benefits the County. See Excise Bd. of Stephens Cty. v. Chicago, R.I. & P. Ry. Co., 1934 OK 389, ¶ 29, 34 P.2d 268, 272-73 (holding that a County appropriation to pay for a mandatory biennial audit provided by the State Examiner and Inspector did not violate Article X, Section 9 because such audits directly benefitted the County).

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1934 OK 389, 34 P.2d 268, 168 Okla. 523, 
EXCISE BD. OF STEPHENS COUNTY v. CHICAGO R. I. & P. RY. CO.
Discussed

 
2012 OK 107, 292 P.3d 29, 
HOGG v. OKLAHOMA COUNTY JUVENILE BUREAU
Discussed

 
1980 OK 147, 618 P.2d 401, 
Marley v. Cannon
Discussed

Title 19. Counties and County Officers

 
Cite
Name
Level

 
19 O.S. 162, 
Deputies - Appointment - Compensation and Salaries - Appropriations
Cited

Title 25. Definitions and General Provisions

 
Cite
Name
Level

 
25 O.S. 1, 
Meaning of Words
Cited

Title 62. Public Finance

 
Cite
Name
Level

 
62 O.S. 34.62, 
Encumbrance Requirements for Payments from Funds of State
Cited

 
62 O.S. 310.2, 
Record of Appropriations - Charges - Approval of Claims - Indebtedness in Excess of Appropriation - Authority to Incur Indebtedness
Cited

Title 70. Schools

 
Cite
Name
Level

 
70 O.S. 3311, 
Council on Law Enforcement Education and Training
Discussed at Length

 
70 O.S. 3311.11, 
CLEET Testing Score Requirements - Promissory Note for Academy Training Expenses - Violations - Penalties
Cited

 
70 O.S. 3311.15, 
Charge for Certain Expenses During CLEET Training of Agency Peace Officers
Discussed at Length

Title 74. State Government

 
Cite
Name
Level

 
74 O.S. 500.2, 
Reimbursable Expenses of State Officials, Employees, and Certain Others
Cited