OSCN Found Document:PREWITT v. QUIKTRIP CORPORATION

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 PREWITT v. QUIKTRIP CORPORATION
2024 OK CIV APP 9
Case Number: 120960
Decided: 08/14/2023
Mandate Issued: 02/15/2024
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II

Cite as: 2024 OK CIV APP 9, __ P.3d __

 

KRISTOFFER SWEDE PREWITT, Petitioner,
v.
QUIKTRIP CORPORATION and THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS, Respondents.

APPEAL FROM THE WORKERS' COMPENSATION
COURT OF EXISTING CLAIMS

HONORABLE MARGARET BOMHOFF, JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Bob Burke, Oklahoma City, Oklahoma and
Mike Jones, Bristow, Oklahoma, for Petitioner

Patrick S. Parr, Loren K. Poss, McANANY, VAN CLEAVE & PHILLIPS, P.A., Tulsa, Oklahoma, for Respondents

STACIE L. HIXON, JUDGE:

¶1 Kristoffer Swede Prewitt (Claimant) seeks review of an order of the Workers' Compensation Court of Existing Claims, which denied his request for authorization of a spinal cord stimulator as continued medical maintenance (CMM). Based on our review of the record and applicable law, we reverse the order under review and remand for further proceedings consistent with this Opinion.

BACKGROUND

¶2 Claimant sustained a compensable injury to the low back in 2012. QuikTrip Corporation (Employer) provided medical treatment, including a three-level fusion as well as subsequent hardware removal.

¶3 On February 10, 2014, the Workers' Compensation Court of Existing Claims awarded Claimant permanent partial disability (PPD) benefits. In addition, the order provides:

-5-

THAT [Employer] shall provide the claimant with reasonable and necessary [CMM] for pain management with DR. WALLACE for prescription medications subject to the rules, limitations, and requirements of the Oklahoma Treatment Guidelines for the Use of Schedule II Drugs [].

-6-

THAT [Employer] shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury.

¶4 Although Dr. Wallace provided Claimant various pain medications, Claimant reported continued pain and numbness. In 2016, Claimant and Dr. Wallace began discussing the option of using a spinal cord stimulator for pain management.

¶5 On May 23, 2016, Claimant filed a motion to reopen on change of condition for the worse. The record provides Claimant underwent revision decompression surgery at L3-4 and L4-5 and a fusion with instrumentation at L3-4 and L4-5 in May of 2017. By order entered on September 20, 2018, the court granted the motion to reopen and Claimant was awarded additional PPD benefits and CMM. The order provides, in relevant part:

-6-

THAT Dr. Wallace is authorized to provide the claimant with [CMM] for prescription medications, subject to the rules, limitations and requirements of the Oklahoma Treatment Guidelines for the Use of Schedule II Drugs.

. . .

-8-

THAT [Employer] shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury.

Claimant continued with Dr. Wallace for pain management.

¶6 On July 29, 2022, Claimant filed a motion to set for trial, seeking the court's authorization for placement of a spinal cord stimulator as CMM as recommended by Dr. Wallace. By order entered on December 14, 2022, the court denied Claimant's request, stating:

-3-

THAT entitlement to continued medical benefits is a limited and tightly structured exception to the general rule that medical treatment ceases by operation of law when permanent disability begins. BILL HODGE TRUCK CO V. GILLUM, 1989 OK 86. Only those things first authorized in the medical maintenance order may be brought to the Court's attention in any manner other than a motion to reopen for a change of condition for the worse. HALL V. SHEFFIELD STEEL CORP., 2004 OK CIV APP 26.

-4-

THAT Claimant's [CMM] as set forth in the SEPTEMBER 20, 2018 [sic] was limited to "[CMM] for prescription medications." Though placement of a spinal cord stimulator had been discussed as early as August 1, 2016, the awards of [CMM] referenced above were limited to prescription medications.

¶7 Claimant appeals.

STANDARD OF REVIEW

¶8 The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues and is determined as of the date of injury. Williams Cos., Inc. v. Dunkelgod, 2012 OK 96, ¶ 18, 295 P.3d 1107. The injury in this case occurred on March 20, 2012. Consequently, the Workers' Compensation Code (WCC), 85 O.S.2011, § 301 et seq., applies. The Court reviews the factual findings presented on appeal to determine whether they are against the clear weight of the evidence or contrary to law. 85 O.S.2011, § 340(D).

¶9 "Our review of the Workers' Compensation Court's legal rulings is plenary, independent and non-deferential." Hogg v. Oklahoma Cty. Juvenile Bureau, 2012 OK 107, ¶ 5, 292 P.3d 29 (citation omitted).

ANALYSIS

¶10 On appeal, Claimant contends the court erred in denying his request for authorization for placement of a spinal cord stimulator for pain management as CMM, which he asserts falls within the statutory definition of CMM. Claimant contends a spinal cord stimulator is not active medical treatment because it will not alter or improve his condition. Rather, it is treatment to maintain his condition by controlling pain. Thus, Claimant contends he was not required to file a motion to reopen for change of condition.

¶11 Employer disagrees, asserting a spinal cord stimulator is an invasive surgery, outside the nature of CMM as well as the CMM award. Employer asserts CMM is determined by the injured worker's medical status at the time of the CMM award. Thus, it is only responsible for the CMM specifically authorized in the court's order, i.e., prescription pain medication, citing 85 O.S.2011, § 326(H).[1] Employer contends Claimant should have filed a motion to reopen for change of condition.

¶12 The court's order provides Claimant was required to prove a change of condition before the court could approve any kind of treatment other than prescription pain medication as described in the CMM order. Such reasoning is consistent with case law preceding the Legislature's definition of CMM in 2010. Prior to 2010, there was no statutory definition for the term, and the Supreme Court had held in some cases that "once a claimant's permanent disability has been established, the claimant is not normally entitled to any additional medical treatment beyond that originally ordered unless he or she establishes a change of condition for the worse." Emery v. Central Okla. Health Care, 2007 OK 28, ¶ 10, 158 P.3d 1052.

¶13 However, the Legislature enacted 85 O.S.2011, § 308 in 2011 and included a definition for CMM. Specifically, § 308(13) provides:

"Continuing medical maintenance" means medical treatment that is reasonable and necessary to maintain claimant's condition resulting from the compensable injury or illness after reaching maximum medical improvement. Continuing medical maintenance shall not include diagnostic tests, surgery, injections, counseling, physical therapy, or pain management devices or equipment, unless specifically authorized by the Workers' Compensation Court in advance of such treatment;

¶14 The statutory definition of CMM does not include a prerequisite that a worker must demonstrate a changed condition. Rather, it only requires the requested medical treatment be "reasonable and necessary" to maintain a claimant's condition resulting from the compensable injury and that the CMM be authorized in advance of the treatment. As noted in Emery, "[m]edical treatment for the purposes of maintenance is routinely authorized." 2007 OK 28, ¶ 12.

¶15 In addition, 85 O.S.2011, § 326(H) addresses when and how CMM may be awarded. Section 326(H) provides CMM shall not be awarded by the court "[u]nless recommended by the treating doctor at the time claimant reaches maximum medical improvement or by an independent medical examiner." Section 326(H) further provides, "[t]he issue of continuing medical maintenance may be reviewed by the Court at any time."

¶16 Here, CMM was recommended and awarded to Claimant at the time he reached maximum medical improvement. Accordingly, the court may properly review Claimant's CMM award "at any time." The court therefore erred in holding Claimant was required to file a motion to reopen and demonstrate a change of condition for the worse.

¶17 This Court notes, however, that the court did not address whether placement of a spinal cord stimulator was reasonable and necessary to maintain Claimant's condition. Here, Claimant asserts his testimony of continued significant pain despite his current pain management, as well as Dr. Wallace's recommendation of a spinal cord stimulator, establishes that a spinal cord stimulator is reasonable and necessary to maintain his condition resulting from the compensable injury. While the plain language of § 308(13) supports Claimant's position, this is a question of fact to be decided by the workers' compensation court. See HAC, Inc. v. Box, 2010 OK 89, ¶ 13, 245 P.3d 609 ("The Workers' Compensation Court, as the trier of fact, determines the credibility of witnesses, weighs the evidence, and draws reasonable inferences from the facts and circumstances in evidence.").

¶18 Accordingly, we reverse the December 14, 2022, order denying Claimant's request for authorization for placement of a spinal cord stimulator as CMM. The matter is remanded to the Workers' Compensation Court of Existing Claims to determine whether placement of a spinal cord stimulator is reasonable and necessary to maintain Claimant's condition resulting from the compensable injury.

¶19 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BARNES, V.C.J., and WISEMAN, P.J., concur.

FOOTNOTES

[1] Employer further cites Hall v. Sheffield Steel Corp., 2004 OK CIV APP 26, 86 P.3d 1099. Hall was decided prior to the applicable statutory definition of CMM in this case.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2004 OK CIV APP 26, 86 P.3d 1099, 
HALL v. SHEFFIELD STEEL CORPORATION
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 86, 774 P.2d 1063, 60 OBJ 1468, 
Bill Hodges Truck Co. v. Gillum
Cited

 
2007 OK 28, 158 P.3d 1052, 
EMERY v. CENTRAL OKLAHOMA HEALTH CARE
Discussed at Length

 
2010 OK 89, 245 P.3d 609, 
HAC, INC. v. BOX
Discussed

 
2012 OK 96, 295 P.3d 1107, 
WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed

 
2012 OK 107, 292 P.3d 29, 
HOGG v. OKLAHOMA COUNTY JUVENILE BUREAU
Discussed

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 301, 
Repealed
Cited

 
85 O.S. 308, 
Repealed
Cited

 
85 O.S. 326, 
Repealed
Discussed

 
85 O.S. 340, 
Repealed
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA